IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-cv-04440 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MILTON HOLMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion to dismiss Defendant's counterclaim for failure to state a claim for relief [42] is granted in part and denied in part. Because the counterclaim plausibly alleges that the mortgage debt pursued by Plaintiff was released, the motion is denied to the extent that, on the basis of the claimed release, Defendant seeks injunctive relief to clear improper clouds upon the title to the subject property. Plaintiff's motion is otherwise granted. Status hearing set for 8/30/2016 at 11:00 a.m. remains firm. For details, see the accompanying Statement.

## STATEMENT

In response to the filing of this residential mortgage foreclosure action, Defendant Milton Holmes, appearing *pro se,* filed an answer along with a counterclaim against Plaintiff Bank of New York Mellon ("BONYM"). (Dkt. No. 9.) Holmes alleges that the documents purporting to show his original lender's assignment of its rights under the mortgage agreement were suspiciously, and possibly fraudulently, signed and notarized. (*Id.* ¶¶ 26-27, 34-36.) He also alleges that the mortgage has been released; his counterclaim attaches a "Release of Mortgage" filed with the Cook County Recorder of Deeds that indicates that the mortgage debt has been satisfied. (*Id.* ¶ 8, Ex. 2.) With the present motion, BONYM seeks dismissal of the counterclaim for failure to state a claim for relief.

The analysis of a motion to dismiss a counterclaim for failure to state a claim is the same as that applicable to a complaint: to survive, the pleading at issue must allege facts that, if true, plausibly raise a right to relief. *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013). At this stage, Holmes's pleading must be construed in the light most favorable to him, with all well-pleaded facts taken as true and all possible inferences drawn in his favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). As a *pro se* litigant, Holmes also receives the benefit of pleading standards that are "considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Yet even with the benefit of these presumptions in his favor, Holmes's counterclaim does not state a plausible claim for relief for the alleged improprieties in the assignment of the mortgage agreement.

Holmes removed this action from the Circuit Court of Cook County, Illinois by invoking this Court's diversity jurisdiction. Illinois law thus applies. *Merrill v. Trump Indus., Inc.*, 320 F.3d 729, 731 (7th Cir. 2003). Under Illinois law, a mortgage lien and the right to foreclose upon it are linked to the underlying debt, and the assignment of the debt is sufficient equitably to transfer rights under the mortgage. *Fed. Nat. Mortg. Ass'n v. Kuipers*, 732 N.E.2d 723, 730 (Ill. App. Ct. 2000); *Citibank, N.A. v. Wilbern*, No. 12 C 755, 2014 WL 1292374, at *8 (N.D. Ill. Mar. 28, 2014).

BONYM attached to its complaint a copy of the note memorializing Holmes's indebtedness. (Note, Ex. 1 to Compl., Dkt. No. 1.) The note provides that it could be transferred by the original lender. (*Id.* at 1.) The original lender endorsed the note in blank. (*Id.* at 3.) Under Illinois law, the note was thus payable to the bearer, and BONYM's possession of the note was *prima facie* evidence that it was entitled to payment of Holmes's debt. *Rosestone Investments, LLC v. Garner*, 2 N.E.3d 532, 540 (Ill. App. Ct. 2013); *Parkway Bank & Trust Co. v. Korzen*, 2 N.E.3d 1052, 1066 (Ill. App. Ct. 2013). BONYM's acquisition of the debt thus carried with it equitable rights under the mortgage. *Kuipers,* 732 N.E.2d at 730; *Wilbern,* 2014 WL 1292374, at *8. Since BONYM's possession of the note entitled it to the lender's rights under the mortgage even in the absence of a valid assignment of the mortgage document, Holmes cannot state a plausible claim that he is entitled to affirmative relief based on any irregularities in the signing and notarizing of the purported assignment. Accordingly, BONYM's motion to dismiss is granted as to Holmes's claims for such irregularities. This dismissal is without prejudice to Holmes's right to assert in defense of the foreclosure claim that BONYM is not the lawful holder of his debt.

Holmes also asserts that his mortgage was released and that a document indicating that his debt had been satisfied and the mortgage released was filed with the Cook County Recorder of Deeds. In his prayer for relief, Holmes asks for an order requiring BONYM "to record in the docket or claims register of each court's official record [a] 'Notice of Improperly Acknowledged Document' or such similar Notice as the Court deems appropriate, each of which shall correspond and identify each specific improperly acknowledged document previously filed as an exhibit or referenced within any pleading by [BONYM] in any court's docket or claims register." (Countercl. at 10, Dkt. No. 9.) Holmes also asks that BONYM be enjoined from future filings of "improperly acknowledged documents." (*Id.*) These prayers for relief are not linked by language or proximity to Holmes's allegation of a release of his debt and appear instead to refer to Holmes's allegations of improprieties regarding the mortgage assignment documents.

These defects do not render Holmes's claim insufficient, however. "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Because a complaint is required to plead claims but not legal theories, "all a complaint need do is narrate a claim for relief." *Gale v. Hyde Park Bank*, 384 F.3d 451, 453 (7th Cir. 2004). Applying these principles, the Seventh Circuit has held that seeking the wrong relief is not fatal to a claim and that a complaint may state a sufficient claim for relief even under a statute that the pleader did not cite. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

That BONYM comprehends the significance of Holmes's allegation that his debt was released is clear from its response: it asserts that the release was erroneously executed and recorded, and that its predecessor, Mortgage Electronic Registration Systems, Inc., recorded a rescission of that release. (*See* Dkt. No. 42-1.) [1] Since Holmes explicitly seeks injunctive relief to remove encumbrances on his title and to prevent more in the future and he has asserted a factual claim that, if true, would arguably entitle him to that relief, the Court concludes that his failure to explicitly link claim and remedy in his counterclaim does not render his claim insufficient.

BONYM argues that the recorded rescission may be considered in support of its motion to dismiss because it is a publicly-recorded document. (Pl.'s Mem. at 2, n.1, Dkt. No. 43.) But the rescission does not purport to be a final determination by a court or any other entity of the fact it asserts—*i.e*, that the release was executed and recorded in error. The document thus serves only to raise an inference that competes with that raised by the release invoked by Holmes. Although the issue may properly be resolved by motion for summary judgment, at the pleading stage, the Court cannot resolve the factual question of whether Holmes did in fact satisfy his debt or whether the debt remains unpaid and the release was recorded by mistake. Since competing inferences are to be resolved in favor of the non-movant at this stage, the rescission cannot be a basis for dismissing the aspect of the counterclaim that seeks equitable relief based upon the release.[2] BONYM's motion is therefore denied as to that portion of the counterclaim. This denial is without prejudice to BONYM's right to dispute the factual basis of any claim by Holmes that his debt has been satisfied.

Dated:  August 29, 2016

Andrea R. Wood
United States District Judge

---

[1] Holmes confirmed in open court on May 19, 2016 that he attached the release to his answer and counterclaim because it showed that the property "was free and clear."

[2] Holmes's prayer for relief also asks that BONYM take nothing, that its suit be dismissed with prejudice, and that costs be assessed against it. Those results would arise from the failure of BONYM's claim rather than the assertion of any affirmative claim by Holmes, and so the Court does not construe them as relief sought under the counterclaim.